UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VALERIE GARNER dba ROANOKE FREE PRESS, <br><br> Plaintiff <br><br> v. <br><br> THE PRINTING EXPRESS, INC. <br><br> Serve: Michael Meredith, Reg. Agent <br>       The Printing Express, Inc. <br>       21 Warehouse Road <br>       Harrisonburg, VA 22801 <br><br> Defendant. | Case No. 7:16cv00387 |

## VERIFIED COMPLAINT OF COPYRIGHT INFRINGEMENT

### PARTIES

1. Plaintiff Valerie Garner ("Garner") is a journalist and photographer residing in Roanoke, Virginia. She has worked as an editor, reporter, and photographer in the Roanoke area for many years. She is the editor and publisher of Roanoke Free Press, an online newspaper available at http://roanokefreepress.com.

2. Defendant, The Printing Express, Inc. ("The Printing Express"), is a Virginia Corporation engaged primarily in the business of printing. At all times relevant to this dispute, Defendant distributed thousands of mailers in and around the Roanoke area that are the subject of this dispute, and which included a copyrighted photograph belonging to Ms. Garner.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (Title 17 of the United States Code).

4. This Court has original and exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action raises a federal question arising under the laws of the United States, namely, the Copyright Act (Title 17 of the United States Code).

5. This Court has personal jurisdiction over Defendant because at all times relevant to this suit Defendant was a Virginia Corporation, had a registered agent in Virginia, and distributed the infringing mailers in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendant distributed the infringing mailers in this District.

## COUNT I
## COPYRIGHT INFRINGEMENT

7. Garner incorporates by reference the allegations in the preceding paragraphs.

8. Garner is the author and exclusive owner of the rights in a photograph of Salam "Sam" Rasoul, a photograph that Garner took in 2008 when Mr. Rasoul was a Democratic candidate for the Virginia 6th U.S. Congressional seat. (The "Photograph") (Ex. A).

9. Garner first published the Photograph to her online newspaper, Roanoke Free Press, on November 14, 2013, together with a news article she wrote discussing Mr. Rasoul's then-candidacy for the Virginia House of Delegates 11th District seat. (Ex. B).

10. The Photograph and article included a copyright notice.

11. On information and belief, sometime after Garner published the Photograph on November 14, 2013, and on or before January 6, 2014, Defendant printed, distributed,

Connors Law PLLC

and publicly displayed a large number of copies of several different campaign mailers that included a copy of the Photograph, including those represented in Exhibit C (showing the front and back of a first mailer design) and Exhibit D (showing the front and back of a second mailer design). The mailers were in opposition to Mr. Rasoul and in support of Mr. Rasoul's opponent, Octavia Johnson, the Republican candidate for the Virginia House of Delegates 11th District seat. On information and belief, Octavia Johnson, her campaign, the Republican Party of Virginia, Inc., and/or a person acting on their behalf, paid Defendant to create, print, distribute, and publicly display the mailers.

12. On information and belief, Defendant obtained a copy of the Photograph from Ms. Garner's Roanoke Free Press online newspaper, either by visiting the newspaper and copying the Photograph or by receiving the Photograph from a person affiliated with or acting on behalf of the Republican Party of Virginia, Inc. and/or Octavia Johnson's political campaign, who in turn had obtained a copy of the Photograph from Roanoke Free Press. The Photograph and the article accompanying it contained a copyright notice when it was copied.

13. Ms. Garner obtained a certificate of registration for the Photograph from the U.S. Copyright Office with an effective filing date of January 16, 2014, within three months of the first publication of the photograph on November 14, 2013, as set forth in 17 U.S.C. § 412(2). (Ex. E).

14. Ms. Garner never gave Defendant permission to print, distribute, or publicly display her Photograph in the mailers.

Connors Law PLLC

3

Case 7:16-cv-00387-GEC   Document 1   Filed 08/19/16   Page 3 of 6   Pageid#: 3

15. Defendant is a large printing business that has existed for at least fifteen years and has earned millions of dollars from creating and printing documents containing copyright protectable material.

16. Defendant knew or should have known that it should determine whether it has the authority to copy, distribute, or publicly display any copyright protectable material supplied to it by one of its customers.

17. Because of the well-known risk of copyright infringement in the printing industry, Defendant regularly checked, or should have regularly checked, designs it created for or received from customers for potential copyright infringement, and therefore would reject, or should have rejected, any design for which it or its customers had no authority to use.

18. On information and belief, because of a quick deadline it received from the Republican Party of Virginia, Inc., the Octavia Johnson campaign, or someone acting on their behalf to produce, print, and distribute the mailers, Defendant ignored these ordinary protocols and willfully infringed Ms. Garner's rights in the Photograph provided by 17 U.S.C. § 106, because either Defendant (a) actually or constructively knew that it did not have the authority to copy, distribute, or publicly display the Photograph or (b) it acted with reckless disregard of Ms. Garner's rights in the Photograph.

19. Defendant's actions caused actual damage to Garner, insofar as Garner did not receive a licensing fee for the use of the Photograph, and because Defendant's actions substantially harmed or completely destroyed the market for the Photograph.

20. Garner is entitled to recover her actual damages and the actual profits derived from Defendant's use of the Photograph pursuant to 17 U.S.C. § 504(b), in an amount to be determined at trial.

21. In the alternative to the recovery of actual damages and actual profits, Defendant is liable to Garner for statutory damages of $150,000 under 17 U.S.C. 504(c)(2), as well as attorney's fees and costs under 17 U.S.C. § 505.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

(a) entry of a finding of liability that Defendant infringed Garner's rights in the photograph;

(b) entry of an order pursuant to 17 U.S.C. § 504(b) declaring that Defendant holds in trust, as constructive trustee for the benefit of Plaintiff, any and all profits received by Defendants from their reproduction, distribution, display or other infringing uses of the photograph, and requiring Defendant to provide a full and complete accounting of any and all profits earned by Defendant; and

(c) entry of an order awarding either (i) actual damages and profits in an amount to be determined at trial, under 17 U.S.C. § 504(b), or (ii) statutory damages for willful infringement in the amount of $150,000 under 17 U.S.C. § 504(c)(2);

(d) entry of an order awarding costs and a reasonable attorney's fee under 17 U.S.C. § 505;

(e) entry of an award of prejudgment interest; and

(f) any other relief the Court deems just and proper.

PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Dated: August 19, 2016                              Respectfully submitted,

                                                                /Andrew P. Connors/
                                                                Andrew P. Connors, Esq. (VSB No. 80248)
Connors Law PLLC
1901 S. Main St., Suite 4C
Blacksburg, VA 24060
Phone: 540-553-8149
Fax: 540-301-6460
andrew@apconnorslaw.com